IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| April Mae Nuneville, | C/A No. 0:16-3157-BHH-PJG |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| Nancy A. Berryhill, Acting Commissioner of Social Security,[1] | |
| Defendant. | |

This social security matter is before the court for a Report and Recommendation pursuant to Local Civil Rule 83.VII.02 (D.S.C.). The plaintiff, April Mae Nuneville, brought this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) to obtain judicial review of a final decision of the defendant, Acting Commissioner of Social Security ("Commissioner"), denying her claims for Disability Insurance Benefits ("DIB"). Having carefully considered the parties' submissions and the applicable law, the court concludes that the Commissioner's decision should be remanded for further proceedings.

## SOCIAL SECURITY DISABILITY GENERALLY

Under 42 U.S.C. § 423(d)(1)(A) and (d)(5), as well as pursuant to the regulations formulated by the Commissioner, the plaintiff has the burden of proving disability, which is defined as an "inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 20 C.F.R. § 404.1505(a); see also

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Nancy A. Berryhill is substituted as the named defendant because she became the Acting Commissioner of Social Security on January 23, 2017.



Blalock v. Richardson, 483 F.2d 773 (4th Cir. 1973). The regulations require the Administrative Law Judge ("ALJ") to consider, in sequence:

(1)  whether the claimant is engaged in substantial gainful activity;

(2)  whether the claimant has a "severe" impairment;

(3)  whether the claimant has an impairment that meets or equals the requirements of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 ("the Listings"), and is thus presumptively disabled;

(4)  whether the claimant can perform her past relevant work; and

(5)  whether the claimant's impairments prevent her from doing any other kind of work.

20 C.F.R. § 404.1520(a)(4).[2] If the ALJ can make a determination that a claimant is or is not disabled at any point in this process, review does not proceed to the next step. Id.

Under this analysis, a claimant has the initial burden of showing that she is unable to return to her past relevant work because of her impairments. Once the claimant establishes a *prima facie* case of disability, the burden shifts to the Commissioner. To satisfy this burden, the Commissioner must establish that the claimant has the residual functional capacity, considering the claimant's age, education, work experience, and impairments, to perform alternative jobs that exist in the national economy. 42 U.S.C. § 423(d)(2)(A); see also McLain v. Schweiker, 715 F.2d 866, 868-69 (4th Cir. 1983); Hall v. Harris, 658 F.2d 260, 264-65 (4th Cir. 1981); Wilson v. Califano, 617 F.2d 1050, 1053 (4th Cir. 1980). The Commissioner may carry this burden by obtaining testimony from a vocational expert. Grant v. Schweiker, 699 F.2d 189, 192 (4th Cir. 1983).

---

[2] The court observes that effective August 24, 2012, ALJs may engage in an expedited process which permits the ALJs to bypass the fourth step of the sequential process under certain circumstances. 20 C.F.R. § 404.1520(h).



# ADMINISTRATIVE PROCEEDINGS

In April 2012, Nuneville applied for DIB, alleging disability beginning April 9, 2012. Nuneville's application was denied initially and upon reconsideration, and she requested a hearing before an ALJ. A hearing was held on September 17, 2014, at which Nuneville appeared and testified, and was represented by Steven D. Haymond, Esquire. During the hearing, Nuneville amended her alleged disability onset date to April 28, 2012. After hearing testimony from a vocational expert, the ALJ issued a decision on April 9, 2015 finding that Nuneville was not disabled. (Tr. 11-20.)

Nuneville was born in 1967 and was forty-four years old on her amended disability onset date. (Tr. 19.) She has a high school education and past relevant work experience as a deli and hot food associate, and a kitchen worker at a cafeteria/restaurant. (Tr. 184.) Nuneville alleged disability due to lower back pain, blood clots, stiffness, sharp shooting pains, post traumatic stress disorder, high blood pressure, depression, and high cholesterol. (Tr. 183.)

In applying the five-step sequential process, the ALJ found that Nuneville had not engaged in substantial gainful activity since her amended alleged onset date of April 28, 2012. The ALJ also determined that Nuneville's deep vein thrombosis, history of pulmonary embolism with inferior vena cava filter placement, degenerative disc disease of the cervical spine, degenerative disc disease of the lumbar spine, depression, anxiety, and post-traumatic stress disorder were severe impairments. However, the ALJ found that Nuneville did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (the "Listings"). The ALJ further found that Nuneville retained the residual functional capacity to

*PJG*

> perform less than the full range of light work as defined in 20 CFR 404.1567(b). Specifically, although the claimant can perform light levels of exertion, she is limited to four hours of standing and walking during each eight-hour timeframe and to six hours of sitting during each eight-hour timeframe. In addition, the claimant is limited to occasional ramp and stair climbing and she is precluded from climbing ladders, ropes and scaffolds. Similarly, the claimant is limited to occasional balancing and stooping and she is precluded from kneeling, crouching and crawling. The claimant is further limited to occupations requiring no more than simple routine repetitive tasks, not performed in a fast-paced production environment, involving only simple work-related instructions and decisions and relatively few workplace changes. The claimant is further limited to occupations requiring no more than occasional interaction with co-workers and members of the general public.

(Tr. 16.) The ALJ found that Nuneville was unable to perform any past relevant work, but that, considering Nuneville's age, education, work experience, and residual functional capacity, there were jobs that existed in significant numbers in the national economy that Nuneville could perform. Therefore, the ALJ found that Nuneville was not disabled from the amended alleged onset date of April 28, 2012 through the date of the decision.

Nuneville submitted additional evidence to the Appeals Council, which denied Nuneville's request for review on July 20, 2016, making the decision of the ALJ the final action of the Commissioner. (Tr. 1-6.) This action followed.

**STANDARD OF REVIEW**

Pursuant to 42 U.S.C. § 405(g), the court may review the Commissioner's denial of benefits. However, this review is limited to considering whether the Commissioner's findings "are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996); see also 42 U.S.C. § 405(g); Coffman v. Bowen, 829 F.2d 514, 517 (4th Cir. 1987). Thus, the court may review only whether the Commissioner's decision is supported by substantial evidence and whether the correct law was applied. See Myers v. Califano, 611 F.2d 980, 982 (4th Cir. 1980). "Substantial evidence" means "such relevant

PJG

evidence as a reasonable mind might accept as adequate to support a conclusion; it consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." Craig, 76 F.3d at 589. In reviewing the evidence, the court may not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [Commissioner]." Id. Accordingly, even if the court disagrees with the Commissioner's decision, the court must uphold it if it is supported by substantial evidence. Blalock, 483 F.2d at 775.

**ISSUES**

Nuneville appears to raise the following issues for this judicial review:

1. The ALJ improperly discredited the records of Nuneville's treating physicians;

2. The ALJ improperly discredited Nuneville's testimony;

3. The ALJ's residual functional capacity assessment conflicted with the consultative opinion of Dr. Pravin Patel; and

4. The hypothetical question presented to the vocational expert failed to include all of Nuneville's physical and mental impairments.

(See generally Pl.'s Br., ECF No. 16.)

**DISCUSSION**[3]

Nuneville first argues that the ALJ erred by improperly discredited the records of Nuneville's treating physicians. Although Nuneville appears to challenge the ALJ's evaluation of the opinion evidence from more than one source, for the reasons that follow, the court agrees that the ALJ failed

---

[3] The court notes that numerous social security regulations and social security rulings (SSRs) have changed effective March 27, 2017. However, these changes specifically state that they are applicable to claims filed *on or after* March 27, 2017. See, e.g., 20 C.F.R. §§ 404.1513, 404.1527. Because the instant claim was filed in 2012, all references in the instant Report and Recommendation are to the prior versions of the regulations in effect at the time Nuneville's application for benefits was filed, unless otherwise specified.



to properly evaluate the opinion evidence from Dr. Dennis Jensen, one of Nuneville's treating physicians, and therefore the court addresses this argument first.

The law applicable to Nuneville's application provides that regardless of the source, the Commissioner will evaluate every medical opinion received. 20 C.F.R. § 404.1527(c). Typically, the Social Security Administration accords greater weight to the opinion of treating medical sources because treating physicians are best able to provide "a detailed, longitudinal picture" of a claimant's alleged disability. See 20 C.F.R. § 404.1527(c)(2). However, "the rule does not require that the testimony be given controlling weight." Hunter v. Sullivan, 993 F.2d 31, 35 (4th Cir. 1992) (*per curiam*). Rather, a treating physician's opinion is evaluated and weighed "pursuant to the following non-exclusive list: (1) whether the physician has examined the applicant, (2) the treatment relationship between the physician and the applicant, (3) the supportability of the physician's opinion, (4) the consistency of the opinion with the record, and (5) whether the physician is a specialist." Johnson v. Barnhart, 434 F.3d 650, 654 (4th Cir. 2005) (citing 20 C.F.R. § 404.1527). Any other factors that may support or contradict the opinion should also be considered. 20 C.F.R. § 404.1527(c)(6). In the face of "persuasive contrary evidence," the ALJ has the discretion to accord less than controlling weight to such an opinion. Mastro v. Apfel, 270 F.3d 171, 178 (4th Cir. 2001). Further, "if a physician's opinion is not supported by clinical evidence or if it is inconsistent with other substantial evidence, it should be accorded significantly less weight." Id. (quoting Craig, 76 F.3d at 590).

> Additionally, SSR 96-2p provides that a finding that
>
> a treating source medical opinion is not well-supported by medically acceptable clinical and laboratory diagnostic techniques or is inconsistent with the other substantial evidence in the case record means only that the opinion is not entitled to "controlling weight," not that the opinion should be rejected. Treating source medical opinions are still entitled to deference and must be weighed using all of the

PJG

> factors provided in 20 CFR 404.1527 and 416.927. In many cases, a treating source's medical opinion will be entitled to the greatest weight and should be adopted, even if it does not meet the test for controlling weight.

SSR 96-2p, 1996 WL 374188, at *5. This Ruling also requires that an ALJ's decision "contain specific reasons for the weight given to the treating source's medical opinion, supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." Id.

In his decision, the ALJ afforded "little probative weight" to Dr. Jensen's opinions. However, upon review of the ALJ's decision and the record, the court is unable to determine whether the ALJ's evaluation of this evidence is supported by substantial evidence. The entirety of the ALJ's evaluation of Dr. Jensen's opinions reads as follows:

> The undersigned is cognizant that Dr. Dennis Jensen has issued two medical source statements in which he has opined that the claimant is unable to return to gainful employment. Those statements are assigned little probative weight in this case because neither of them contain any clinical signs or diagnostic findings to support the opinions and because they are not consistent with the weight of the objective medical record in this case (Exs. 29F, 31F).

(Tr. 18.) As an initial matter, the court observes that one of Dr. Jensen's opinions, in addition to opining that Nuneville is unable "to maintain meaningful employment," states that Nuneville "does require frequent periods of time where she will need to lie down and rest throughout the day and cannot remain seated or standing for more than short periods of time." (Tr. 1022.) The ALJ's discussion only mentions Dr. Jensen's opinion that Nuneville is unable to work, and it is unclear whether the ALJ considered and evaluated these additional opined functional limitations from Dr. Jensen. Therefore, the court is simply unable to determine whether the ALJ's evaluation of this evidence is supported by substantial evidence. See Mascio v. Colvin, 780 F.3d 632, 636 (4th Cir.

PJG

2015) (noting that "remand is necessary" because the court is "left to guess [at] how the ALJ arrived at his conclusions"). In light of Dr. Jensen's opined limitations, the ALJ's cursory analysis of Dr. Jensen's opinions, without additional explanation, is insufficient for meaningful judicial review. This is particularly so because, in addition to his silence as to the limitations opined by Dr. Jensen, the ALJ does not appear to have considered the other applicable factors in assessing Dr. Jensen's opinion. See 20 C.F.R. § 404.1527(c); Johnson, 434 F.3d at 654.

Because it is unclear whether the evaluation of Dr. Jensen's opinions included consideration of the opined functional limitations, the court is unable to determine whether it is supported by substantial evidence and is constrained to recommend that this matter be remanded for further consideration of Dr. Jensen's opinions.[4]

Further consideration of this evidence may impact Nuneville's remaining issues. Therefore, in light of the court's recommendation that this matter be remanded for further consideration, the

---

[4] The court expresses no opinion as to the weight this evidence should be given or whether consideration of this evidence by the Commissioner or ALJ will necessarily lead to a finding that Nuneville is entitled to benefits. Further analysis and discussion of this evidence may well not change the conclusion. Although Nuneville requests that this matter be remanded for an award of benefits, the court finds that Nuneville's entitlement to benefits is not wholly established and that this matter should be remanded for further consideration and assessment of the above discussed evidence by the ALJ in the first instance. See Crider v. Harris, 624 F.2d 15 (4th Cir. 1980) (finding remand for an award of benefits was warranted where the individual's entitlement to benefits was "wholly established" on the state of the record); Smith v. Astrue, No. 3:10-66-HMH-JRM, 2011 WL 846833, at *3 (D.S.C. Mar. 7, 2011) ("Whether to reverse and remand for an award of benefits or remand for a new hearing rests within the sound discretion of the district court.") (citing Edwards v. Bowen, 672 F. Supp. 230, 237 (E.D.N.C. 1987)); cf. Radford v. Colvin, 734 F.3d 288, 294-95 (4th Cir. 2013) ("Although we hold that the district court did not apply the wrong legal standard, we nonetheless vacate its judgment because it chose the wrong remedy: Rather than 'reversing' the ALJ and remanding with instructions to award benefits to Radford, the district court should have vacated and remanded with instructions for the ALJ to clarify why Radford did not satisfy Listing 1.04A.").

court need not address the plaintiff's remaining issues, as they may be rendered moot on remand.[5] See Boone v. Barnhart, 353 F.3d 203, 211 n.19 (3d Cir. 2003) (remanding on other grounds and declining to address claimant's additional arguments).

## RECOMMENDATION

Based on the foregoing, the court recommends that the Commissioner's decision be reversed pursuant to sentence four of 42 U.S.C. § 405(g) and that the case be remanded to the Commissioner for further consideration as discussed above.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

September 27, 2017
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

---

[5] Nonetheless, while Nuneville may present her other arguments on remand if necessary, the court notes that it is unclear why the ALJ found it was "remarkable" that Nuneville was no longer on Coumadin therapy, when her testimony and the treatment records reflect that her Coumadin (warfarin) was discontinued and replaced with Xarelto (also a blood thinner). (Tr. 47, 1059.) Additionally, although the ALJ gave the opinion from consultative examiner Dr. Pravin Patel "great probative weight," the ALJ failed to acknowledge or explain aspects of Dr. Patel's opinions that included greater functional limitations than those ultimately determined by the ALJ. It is unclear whether the ALJ found that these limitations were not supported or whether he failed to notice them. These issues may also be resolved on remand, if necessary.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).